

CJ25 7643 -

Andrews

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| 1.  CATHERINE BEATY, | ) |
| | ) |
| 2.  CHEYENNE DAVIS, | ) |
| | ) |
| 3.  ALANEA FARMER, | ) |
| | ) |
| And | ) |
| | ) |
| 4.  JESSICA ORTEGA, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| 1.  2A 1776, INC., | ) |
| | ) |
| And | ) |
| | ) |
| 2.  FEDEX GROUND, | ) |
| | ) |
| Defendants. | ) |

Case No. 2025-C

**CJ - 2025 - 7 6 4 3**

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

OCT 17 2025

RICK WARREN
COURT CLERK
109 _____

### PETITION

The Plaintiffs, for their causes of action, allege as follows:

### PARTIES

1.  The Plaintiffs are:

   A.  Catherine Beaty, an adult female resident of Oklahoma County, Oklahoma;

   B.  Cheyenne Davis, an adult female resident of Oklahoma County, Oklahoma;

   C.  Alanea Farmer, an adult female resident of Oklahoma County, Oklahoma; and

   D.  Jessica Ortega, an adult female resident of Oklahoma County, Oklahoma.

**EXHIBIT "2"**

2.  The Defendants are:

A.  2A 1776 ("Defendant 2A"), Inc., a domestic for-profit corporation doing business in Oklahoma County, Oklahoma; and

B.  FedEx Ground ("Defendant FexEx"), a company doing business in Oklahoma County, Oklahoma.

## CLAIMS

3.  The Plaintiffs assert the following claims:

A.  Plaintiff Catherine Beaty asserts claims for gender discrimination in the form of creation of a sexually hostile working environment and termination in retaliation for opposing sexual harassment, in violation of Title VII of the Civil Rights Act ("Title VII") and Oklahoma's Anti-Discrimination Act ("OADA");

B.  Plaintiff Cheyenne Davis asserts claims for gender discrimination in the form of creation of a sexually hostile working environment and retaliation for opposing sexual harassment, in violation of Title VII and the OADA;

C.  Plaintiff Alanea Farmer asserts claims gender discrimination including in the form of creation of a sexually hostile working environment and retaliation for opposing sex discrimination in violation of Title VII and the OADA;

D.  Plaintiff Jessica Ortega asserts claims for gender discrimination in the form of creation of a sexually hostile working environment and retaliation for opposing sexual harassment, in violation of Title VII and the OADA.

## VENUE

4.    Most of the conduct giving rise to the Plaintiffs' causes of action occurred in Oklahoma County wherefore venue is proper in Oklahoma County.

## FACTS

5.    The Defendants, jointly and/or separately, employed at least fifteen employees during at least twenty or more weeks of the current or proceeding calendar year such that they are both employers as defined by Title VII.  There is no minimum employee requirement under the OADA.

6.    Defendant 2A holds itself out as Plaintiffs' employer on Plaintiffs' pay stubs and W-2 forms.

7.    Defendant 2A contracts with Defendant FedEx to deliver packages on behalf of Defendant FedEx.

8.    As part of her job duties, the Plaintiffs:

A.    are required to wear uniforms including shirts, hats, vests and jackets that identify themselves as FedEx employees;

B.    Drive a vehicle with a FedEx logo identifying the vehicle as a FedEx truck and which shares the same Department of Transportation number as Defendant 2A;

C.    Are issued FedEx badges; and/or

D.    Are supervised by and must follow the instructions of employees of Defendant 2A and Defendant FedEx.

9. For reasons including those identified in paragraphs 6-8, above, the Plaintiffs were employees of both Defendants including through the Defendants acting as joint employers and/or an integrated enterprise.

10. Plaintiff Ortega was employed by the Defendants under the title of Delivery Driver from around September 11, 2023 until around April 22, 2024.

11. Plaintiff Ortega was qualified for her position and performed her duties satisfactorily.

12. Plaintiff Ortega's immediate supervisor was Jeff Drayton (male).

13. On at least a weekly basis through the entirety of Plaintiff Ortega's employment, Mr. Drayton would engage in sexually harassing conduct toward Plaintiff Ortega including but not limited to:

   A. Exposing his genitalia to Plaintiff Ortega;

   B. Sending Plaintiff Ortega naked photos of himself;

   C. Making sexual comments about Plaintiff Ortega and other women.

14. Mr. Drayton's conduct, including that described in Para. 13, was objectively and subjectively offensive, pervasive and subjected Plaintiff Ortega to a sexually hostile working environment.

15. Plaintiff Farmer was employed by the Defendants under the title of Delivery Driver from around December 6, 2023 until around March 8, 2024.

16. Plaintiff Farmer was qualified for her position and performed her duties satisfactorily.

17. Mr. Drayton was Plaintiff Farmer's immediate supervisor.

18. On at least a weekly basis through the entirety of Plaintiff Farmer's employment, Mr. Drayton would engage in sexually harassing conduct toward Plaintiff Farmer including but not limited to:

    A.  Exposing his genitalia to Plaintiff Farmer;

    B.  Masturbating in front of Plaintiff Farmer;

    C.  Making sexual comments about Plaintiff Farmer and other women.

19. Mr. Drayton's conduct, including that described in Para. 18, was objectively and subjectively offensive, pervasive and subjected Plaintiff Farmer to a sexually hostile working environment.

20. Plaintiff Davis was employed by the Defendants under the title of Delivery Driver from around December 13, 2023 until around June 10, 2024.

21. Plaintiff Davis was qualified for her position and performed her duties satisfactorily.

22. Plaintiff Davis's immediate supervisor was Jeff Drayton (male).

23. On at least a weekly basis through the entirety of Plaintiff Davis's employment, Mr. Drayton would engage in sexually harassing conduct toward Plaintiff Davis including but not limited to:

    A.  Exposing his genitalia to Plaintiff Davis;

    B.  Masturbating in front of Plaintiff Davis;

    C.  Watching pornographic videos in front of Plaintiff Davis;

    D.  Making sexual comments about Plaintiff Davis and other women.

24. Mr. Drayton's conduct, including that described in Para. 22 was objectively and subjectively offensive, pervasive and subjected Plaintiff Davis to a sexually hostile working environment.

25. Plaintiff Beaty was employed by the Defendants under the title of Delivery Driver from around March 14, 2024 until around March 24, 2024.

26. Plaintiff Beaty was qualified for her position and performed her duties satisfactorily.

27. Mr. Drayton was Plaintiff Beaty's immediate supervisor.

28. On a near daily basis through the entirety of Plaintiff Beaty's employment, Mr. Drayton would engage in sexually harassing conduct toward Plaintiff Beaty including but not limited to:

   A.  Asking Plaintiff Beaty to engage in sex and other sexual acts;

   B.  Sending Plaintiff Beaty naked videos of himself;

   C.  Making sexual comments about Plaintiff Beaty and other women;

   D.  Exposing his genitalia to Plaintiff Beaty.

29. Mr. Drayton's conduct, including that described in Para. 27, was objectively and subjectively offensive, pervasive and subjected Plaintiff Beaty to a sexually hostile working environment.

30. All of the Plaintiffs opposed Mr. Drayton's sexual harassment by telling him "no" and to "stop". However, the harassment did not stop and each Plaintiff continued to be sexually harassed by Mr. Drayton until the end of their employment.

31. All Plaintiffs were retaliated against after opposing the sexual harassment including by having their hours significantly reduced.

32. Around February 13, 2024 Plaintiffs Ortega and Davis report Mr. Drayton's sexual harassment to Sherman Chamberlain (owner of Defendant 2A).

33. However, nothing is done to stop the sexual harassment and the harassment continued for all of the Plaintiffs.

34. Around March 8, 2024 Plaintiff Farmer resigns her employment as a result of the sexual harassment and retaliation, resulting in a discriminatory and retaliatory constructive discharge.

35. Around March 24, 2024 Plaintiff Beaty resigned her employment as the working environment had become so intolerable she had no choice but to quit, resulting in a discriminatory and retaliatory constructive discharge.

36. Around March 29, 2024 Plaintiff Ortega reports Mr. Drayton's sexual harassment to Cody Kennis (FedEx HR).

37. Around April 2024 Plaintiff Ortega was terminated from employment. Plaintiff Ortega is informed of the termination by Mr. Chamberlain and Mr. Drayton. The stated reason for the termination is that Plaintiff Ortega is "stirring up trouble".

38. Around April 22, 2024 Plaintiff Davis takes time off work due to an injury.

39. Plaintiff Davis attempted to return to work beginning around the end of May 2024, but is refused.

40. Plaintiff Davis is never allowed to return to work, resulting in a termination and/or a constructive discharge.

41. As a direct result of Defendants' conduct the Plaintiffs have suffered, and continue to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm.

42. At the least, significant factors in the actions of the Defendants include the Plaintiffs' gender and/or opposition to sexual harassment, both of which may also be motivating factors and/or but-for causes of such actions.

43. All Plaintiff's have exhausted their administrative remedies, to wit:

   A. Plaintiff Beaty filed an EEOC charge of discrimination on April 15, 2024 and perfected such charge thereafter. As part of the EEOC charge, Plaintiff Beaty identified both Defendants as her employers. The EEOC issued Plaintiff Beaty her right to sue letter with an issuance date of July 22, 2025.

   B. Plaintiff Davis filed an EEOC charge of discrimination no later than September 2024, identifying both Defendants as her employers. The EEOC issued Plaintiff Davis her right to sue letter with an issuance date of July 22, 2025.

   C. Plaintiff Farmer filed an EEOC charge of discrimination in April 2024 and perfected such charge thereafter. As part of her EEOC charge, Plaintiff Farmer identified both Defendants as her employers. The EEOC issued Plaintiff Farmer her right to sue letter with an issuance date of July 22, 2025.

   D. Plaintiff Ortega filed an EEOC charge of discrimination in April 2024, and perfected such charge thereafter. As part of her EEOC charge, Plaintiff Ortega identified both Defendants as her employers. The EEOC issued Plaintiff Ortega her right to sue letter with an issuance date of July 22, 2025.

## COUNT I

Plaintiffs incorporate the above paragraphs and further allege:

44. Creation of a sexually hostile working environment and retaliation for opposing sexual harassment, violates Title VII.

45. Under this Count the Plaintiffs are entitled to their wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

46. Because the Defendants' conduct was willful or, at the least, in reckless disregard of such rights, the Plaintiffs are each entitled to punitive damages.

## COUNT II

Plaintiffs incorporate the above paragraphs and further allege:

47. Creation of a sexually hostile working environment and retaliation for opposing sexual harassment, violates the OADA.

48. Under this Count the Plaintiffs are entitled to their wage and benefit loss along with an equal amount of liquidated damages.

**RESPECTFULLY SUBMITTED THIS 17th DAY OF OCTOBER 2025**.

HAMMONS, HURST & ASSOCIATES

Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
amber@hammonslaw.com
Jury Trial Demanded
Attorney Lien Claimed
*Counsel for Plaintiff*