**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CATHERINE BEATY et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-1431-G** |
| | ) | |
| **2A 1776, INC. et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Plaintiffs Catherine Beaty, Cheyenne Davis, Alanea Farmer, and Jessica Ortega bring employment claims against two defendants: 2A 1776, Inc. ("2A") and FedEx Ground ("FedEx"). *See* Pet. (Doc. No. 1-2). Now before the Court is a Partial Motion to Dismiss (Doc. No. 16) filed by FedEx. Plaintiffs have responded (Doc. No. 28), and FedEx has filed a Reply (Doc. No. 30).

*I. Plaintiffs' Allegations*

Plaintiffs allege as follows:

Plaintiffs Beaty, Davis, Farmer, and Ortega worked as delivery drivers for Defendants for differing periods in 2023 and 2024. *See* Pet. ¶¶ 8, 10, 15, 20, 25. Defendant 2A, which holds itself out as Plaintiffs' employer, contracts with Defendant FedEx to deliver packages on behalf of FedEx. *Id.* ¶¶ 7-9.

Plaintiffs were all subjected to sexually harassing conduct directed at them by their immediate supervisor, Jeff Drayton. *See id.* ¶¶ 12-14, 17-19, 22-24, 27-29. This conduct included Mr. Drayton: exposing his genitals; sending nude photos of himself; making

sexual comments about Plaintiffs and other women; watching pornographic videos; and requesting for engagement in sex and other sexual acts. *Id.* ¶¶ 13, 18, 23, 28.

Each Plaintiff told Mr. Drayton "no" and to "stop," but each Plaintiff continued to be sexually harassed until the end of her employment. *Id.* ¶ 30. "All Plaintiffs were retaliated against after opposing the sexual harassment including by having their hours significantly reduced." *Id.* ¶ 31.

Plaintiffs bring claims for gender discrimination in the form of creation of a sexually hostile working environment and retaliation for opposing sexual harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq. *See* Pet. ¶¶ 44-46. Plaintiffs also bring claims for sexually hostile working environment and retaliation under the Oklahoma Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25, §§ 1101 et seq. *See* Pet. ¶¶ 3, 47-48. In addition, Plaintiff Beaty brings claims under both Title VII and the OADA based upon her termination from employment. *See id.* ¶ 3.

## *II. Plaintiffs' OADA Claims*

### *A. Whether Plaintiffs Farmer and Ortega Timely Exhausted Their OADA Claims*

Defendant FedEx argues that the OADA claims brought by Plaintiffs Farmer and Ortega must be dismissed because these plaintiffs failed to exhaust administrative remedies as required prior to bringing suit. *See* Def.'s Mot. to Dismiss at 3-7.

Although the Motion to Dismiss cites Federal Rule of Civil Procedure 12(b)(6), FedEx's argument is an attack on these Plaintiffs' standing that implicates Rule 12(b)(1). *See Watts v. Okla. Dep't of Mental Health & Substance Abuse Servs.*, No. CIV-19-1072-

D, 2020 WL 2562811, at *2 (W.D. Okla. May 20, 2020). A motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). In reviewing a factual attack such as the one presented by FedEx, which "go[es] beyond allegations contained in the complaint and challenge[s] the facts upon which subject matter jurisdiction depends," the Court does not "presume the truthfulness of the complaint's factual allegations" and may consider the outside materials cited by the parties "to resolve disputed jurisdictional facts." *Id.* (internal quotation marks omitted). As the party asserting federal jurisdiction, Plaintiffs bear "the burden of alleging the facts essential to show jurisdiction." *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002) (internal quotation marks omitted).

For the Court to have jurisdiction over a plaintiff's OADA claim, "the plaintiff must exhaust her administrative remedies by filing a charge of discrimination within 180 [days] from the last date of the alleged discrimination." *Livingston v. Humana, Inc.*, No. 23-CV-335, 2023 WL 8243030, at *2 (N.D. Okla. Nov. 28, 2023) (citing Okla. Stat. tit. 25, § 1302).

Regarding Plaintiff Farmer, the last discriminatory act alleged in the Complaint occurred on March 8, 2024, when she left Defendants' employment. *See* Pet. ¶ 15. Therefore, to have standing to bring her OADA claim, Plaintiff Farmer must have filed a charge of discrimination with either the Attorney General's Office of Civil Rights Enforcement or the Equal Employment Opportunity Commission ("EEOC") by September

4, 2024. *See id.*; Pl.'s Resp. at 2. It is undisputed that Plaintiff Farmer did not file a formal charge until October 4, 2024. *See* Def.'s Mot. to Dismiss at 4; *id.* Ex. 1 (Doc. No. 16-1).

Similarly, as to Plaintiff Ortega, the last discriminatory act alleged occurred on April 22, 2024, meaning she was required to file her charge of discrimination no later than October 19, 2024, and the date of actual filing—October 28, 2024—was past that deadline. *See* Pet. ¶ 10; Def.'s Mot. to Dismiss Ex. 2 (Doc. No. 16-2).

Plaintiffs argue that, pursuant to *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), these Plaintiffs' submission of online intake or "inquiry forms" to the EEOC within the 180-day period fulfills the charge requirement. *See* Pls.' Resp. at 5-12. The U.S. District Court for the Northern District of Oklahoma has squarely rejected this proposition:

> Bergner contends that, even if the 180-day period applies, the majority of his allegations were timely filed because he submitted an EEOC Intake Questionnaire on April 7, 2020, which Bergner asserts constitutes a "charge." In this regard, Bergner directs the court to the decision of the U.S. Supreme Court in *Federal Express Corporation v. Holowecki*, 552 U.S. 389 (2008). In that case, the Court recognized that "a filing other than a formal charge may be deemed to be a charge if it contains the required information and can reasonably be construed as a request for agency action." *Green v. JP Morgan Chase Bank Nat'l Ass'n*, 501 F. App'x 727, 731 (10th Cir. 2012) (unpublished) (citing *Holowecki*, 552 U.S. at 402, 405). However, "[n]othing in *Holowecki* indicates that an intake questionnaire must be treated as a charge, no matter the circumstances." *Green*, 501 F. App'x at 731. Rather, a document constitutes a charge only if it "(i) provides the minimum information the regulations require, and (ii) can 'be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee.'" *Semsroth v. City of Wichita*, 304 F. App'x 707, 713 (10th Cir. 2008) (unpublished) (quoting *Holowecki*, 552 U.S. at 402). Thus, at least one court has concluded that an intake questionnaire may satisfy the Oklahoma notice requirement "when it (a) contains *a sworn statement* alleging that a discriminatory practice has been committed, (b) sets forth the facts upon which the complaint is based, (c) identifies the charged party, and (d) is filed within 180 days of the alleged discriminatory practice." *Roberts*

> *v. Int'l Bus. Machs. Corp.*, No. 11-CV-040-JHP-PJC, 2011 WL 4375769, at *2 (N.D. Okla. Sept. 20, 2011) (emphasis added); *see also* Okla. Stat. tit. 25, § 1502(a); [*Shackelford v. Okla. Dep't of Corr. ex rel. Okla.*, 182 P.3d 167, 168 (Okla. Civ. App. 2007)] (emphasis altered from original) ("A person claiming to be aggrieved by a discriminatory practice must file a *written sworn complaint* with the Oklahoma Human Rights Commission (OHRC) within 180 days after the alleged discriminatory practice occurs.").
>
> Bergner's intake questionnaire cannot constitute a charge as it does not satisfy the minimum requirements of the statute. Specifically, the intake questionnaire is not sworn as required by Oklahoma law. *See Robert[s]*, 2011 WL 4375769, at *2; Okla. Stat. tit. 25, § 1502(a); *Shackelford*, 182 P.3d at 168; *see also Wynne v. MMR Constructors, Inc.*, No. CIV-08-1048-R, 2009 WL 10702133, at *2 (W.D. Okla. Dec. 7, 2009). Thus, Bergner's intake questionnaire does not satisfy Oklahoma's notice requirements.

*Bergner v. Oklahoma*, No. 21-CV-232, 2022 WL 22246885, at *4-5 (N.D. Okla. Feb. 10, 2022) (alteration, footnote, and citation omitted).

Here, likewise, Plaintiffs' online intake questionnaires were not "sworn." Pls.' Resp. at 6. The Court finds the reasoning of *Bergner* persuasive and finds that, because the questionnaires do not fulfill Oklahoma's notice requirement, they do not suffice for timely exhaustion of the OADA claims. All OADA claims of Plaintiff Farmer and Plaintiff Ortega therefore shall be dismissed.

*B. Plaintiffs' OADA Retaliation Claims*

Defendant FedEx also seeks dismissal of all Plaintiffs' OADA retaliation claims under Federal Rule of Civil Procedure 12(b)(6), arguing that they are not cognizable under Oklahoma law. *See* Def.'s Mot. to Dismiss at 7-8.

In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231,

1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Citing *Edwards v. Andrews*, 382 P.3d 1045 (Okla. 2016), Plaintiffs argue that they may pursue this claim. This Court and others, however, have previously considered the *Edwards* decision and rejected this proposition:

> [T]he Oklahoma Supreme Court has held that "[t]he OADA does not 'provide any remedy to compensate an employee who suffers retaliation at the hands of an employer.'" *Davis v. Mercy Rehab. Hosp.*, No. CIV-19-561-D, 2019 WL 13113533, at *4 (W.D. Okla. Nov. 20, 2019) (quoting *Edwards v. Andrews*, 382 P.3d 1045, 1047 (Okla. 2016)); *accord Sultuska v. JP Morgan Chase Bank*, No. CIV-18-669-C, 2019 WL 4888579, at *2 n.2 (W.D. Okla. Oct. 3, 2019); *Mills v. Amazon.com Servs., LLC*, No. 24-CV-0188, 2024 WL 3205397, at *3 & n.2 (N.D. Okla. June 27, 2024). *But cf. McDaniel v. Legend Energy Servs., LLC*, No. CIV-20-1278-R, 2021 WL 535862, at *1-2 (W.D. Okla. Feb. 12, 2021) (suggesting that the question of whether such a remedy is available should be certified to the Oklahoma Supreme Court).

*Theron v. Can. Cnty. ex rel. Bd. of Cnty. Comm'rs*, No. CIV-23-1176-G, 2024 WL 4332796, at *6 (W.D. Okla. Sept. 26, 2024).

In light of the express language of *Edwards* and the holdings cited above, the Court concludes that Plaintiffs' OADA retaliation claims are not cognizable and shall be dismissed. *See id.*; *Moss v. Can. Cnty. ex rel. Bd. of Cnty. Commr's*, No. CIV-22-127-SLP, 2026 WL 820926, at *20 (W.D. Okla. Mar. 25, 2026).

CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss (Doc. No. 16) is GRANTED. The following claims are dismissed without prejudice:

- The claims of Plaintiff Farmer and Plaintiff Ortega brought under the OADA; and
- All retaliation claims brought under the OADA.

IT IS SO ORDERED this 30th day of September, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge